# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TAKAHARU MIZUTANI

## DEFENDANTS
THE HAPPY HUCKSTER, CORP. ADN STEPHEN KLINGHOFFER

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SWARTZ SWIDLER, LLC 1878 MARLTON PIKE E., SUITE 10 CHERRY HILL, NJ 08003 856-685-7420

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
FLSA AND PMWA AND WPCL

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/13/2011

SIGNATURE OF ATTORNEY OF RECORD
s/ Justin L. Swidler

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Takaharu Mizutani : CIVIL ACTION
v. :
The Happy Huckster, et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

7/13/11       Justin L. Swidler       Plaintiff
**Date**      **Attorney-at-law**    **Attorney for**

856-685-7420  856-685-7417   jswidler@swartz-legal.com
**Telephone** **FAX Number** **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 726 Woodside Rd. Rydal, PA 19046

Address of Defendant: 3120 S. 3rd St., Philadelphia, PA 19148

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ✔ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)
I, Justin Swidler, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 7/13/11    Justin Swidler    205954
                 Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/13/11    Justin Swidler    205954
                 Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| TAKAHARU MIZUTANI | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. |
| THE HAPPY HUCKSTER, CORP. d/b/a FARMART and STEPHEN KLINGHOFFER | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   THE HAPPY HUCKSTER, CORP. d/b/a FARMART
3120 S. 3rd Street
Philadelphia, PA 19148

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   SWARTZ SWIDLER, LLC
1878 MARLTON PIKE E.,
SUITE 10
CHERRY HILL, NJ 08003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAKAHARU MIZUTANI<br>726 Woodside Rd<br>Rydal PA 19046<br><br>    Plaintiff,<br><br>v.<br><br>THE HAPPY HUCKSTER, CORP.<br>d/b/a FARMART<br>3120 S. 3rd Street<br>Philadelphia PA 19148<br><br>and<br><br>STEPHEN KLINGHOFFER<br>c/o THE HAPPY HUCKSTER, CORP.<br>d/b/a FARMART<br>3120 S. 3rd Street<br>Philadelphia PA 19148<br><br>    Defendants. | CIVIL ACTION NO: |

## CIVIL ACTION COMPLAINT

Plaintiff Takaharu Mizutani (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby complains as follows against Defendant The Happy Huckster, Corp. d/b/a Farmart and Defendant Stephen Klinghoffer (hereinafter collectively "Defendants").

## INTRODUCTION

1.    Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Defendants intentionally failed to

pay Plaintiff overtime compensation earned while in the employ of Defendants. As a result of Defendants' aforesaid actions, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Happy Huckster, Corp. d/b/a Farmart (hereinafter "Defendant Farmart") is, upon information and belief, Pennsylvania corporation which does business at the address indicated in the above caption.

8. Defendant Steven Klinghoffer (hereinafter "Defendant Klinghoffer") is an officer of Defendant Farmart who was responsible for compensating Plaintiff.

9. At all times relevant herein, Defendant Farmart acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant Farmart.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff was hired by Defendants in or around September 2005.

12. At all times relevant herein, Plaintiff worked in Defendants' warehouse, where he performed routine manual labor and clerical work.

13. Plaintiff spent most of his time performing maintenance on trucks and calling customers regarding overdue invoices.

14. Despite Plaintiff's remedial job duties, Defendants titled Plaintiff with an officer position.

15. However, Plaintiff was never an officer of the company as he never had any discretion in making any decisions which were of consequence to Defendants' business and/or operation.

16. At all times relevant hereto, Plaintiff was not delegated the responsibility to hire employees of Defendant Farmart.

17. At all times relevant hereto, Plaintiff was not delegated the responsibility to fire employees of Defendant Farmart.

18. At all times relevant hereto, Plaintiff was not delegated the responsibility to discipline employees of Defendant Farmart.

19. At all times relevant hereto, Plaintiff was not delegated the responsibility to schedule employees of Defendant Farmart.

20. At all times relevant hereto, Plaintiff was not delegated the responsibility to make meaningful and discretionary decisions regarding the business of Defendant Farmart.

21. At all times relevant hereto, Plaintiff did not perform any meaningful or typical managerial and/or supervisory duties for Defendant Farmart.

22. Employees of Defendants regularly worked for Defendants in excess of 40 hours per workweek.

23. Plaintiff regularly worked for Defendants approximately at least 50 hours per workweek.

24. However, Defendants failed to pay any employee, including Plaintiff, at the rate of 1.5 times the regular rate of pay for each hour that each worked in excess of 40 in a workweek.

25. In or about late September to October 2010, Plaintiff approached Defendant Klinghoffer and complained about Defendants' failure to pay overtime to its employees.

26. Defendant Klinghoffer became angry at Plaintiff for raising the issue of overtime and informed Plaintiff he would not pay any overtime.

27. Soon thereafter, Defendant Klinghoffer began to assign Plaintiff unreasonably burdensome tasks outside of Plaintiff's normal job duties.

28. On or about December 30, 2010, Defendant Klinghoffer fired Plaintiff.

29. Plaintiff was terminated for complaining about Defendants' failure to pay overtime.

30. As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FLSA
### (Failure to Pay Overtime Compensation)

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. At all times relevant herein, Defendants were and continue to be employers within the meaning of the FLSA.

33. At all times relevant herein, Plaintiff was employed by Defendants as non-exempt employees within the meaning of the FLSA.

34. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times the employee's regular hourly rate of pay for each hour worked in excess of forty per workweek.

35. Defendants violated the FLSA by, among other things, not paying Plaintiff at least 1.5 times his regular hourly rate of pay for all hours worked in excess of forty per workweek.

36. Said conduct by Defendants caused Plaintiff to suffer damages.

## COUNT II
## FLSA
### (Retaliation)

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Plaintiff's complaint about Defendants' failure to pay employees at least 1.5 times their regular hourly rate for overtime hours clearly constituted a protected activity under the FLSA.

39. Defendants' conduct in terminating Plaintiff for complaining about Defendants' failure to comply with the FLSA is in violation of the FLSA.

40. As a direct and proximate cause of said actions by Defendants, Plaintiff has suffered damages.

## COUNT III
### Pennsylvania Minimum Wage Act
**(failure to pay overtime compensation)**

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. Defendants' conduct in failing to properly pay Plaintiff overtime violated the PMWA.

43. Defendants' aforementioned conduct violated the PMWA and caused Plaintiff to suffer damages.

## COUNT IV
### Pennsylvania Wage Payment Collection Law
**(failure to pay overtime compensation)**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Defendants' conduct in failing to properly pay Plaintiff all wages due violated the WPCL.

46. Defendants' aforementioned conduct violated the WPCL and caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their policies, practices, or customs that violate federal and state law;

B. Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions;

C. Plaintiff is to be awarded liquidated/punitive damages for Defendants' illegal actions, as provided under applicable law;

D.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E.   Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

/s/ Justin L. Swidler
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

July 13, 2011